IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRAMALE J. M. HOOSER,**
**# 14297-026,**

**Petitioner,**

        **vs.**               **Case No. 14-cv-696-DRH**

**UNITED STATES OF AMERICA**
**and WARDEN WALTON,**

**Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Tramale Hooser, an inmate in the Federal Correctional Institution located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  Petitioner challenges his criminal conviction and enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  He seeks a recalculation and reduction of his sentence (Doc. 1-1, p. 41).

This matter is now before the Court for preliminary review of the habeas petition.  Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

I. **Background**

On September 1, 2004, petitioner was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *See United States v. Hooser*, Case No. 04-cr-20054 (C.D. Ill. 2004) ("criminal case").[1] Petitioner pleaded guilty to the charge on January 31, 2005 (Doc. 10, criminal case).

A sentencing hearing was held on December 20, 2005.  The presentence investigation report ("PSR") indicated that petitioner should be classified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1),[2] based on his convictions for the following three prior "serious drug offense[s]" or "violent felon[ies]" in Vermilion County, Illinois: (1) mob action in Case No. 94-cf-257; (2) aggravated discharge of a firearm in Case No. 97-cf-593; and (3) possession of a controlled substance with intent to deliver in Case No. 98-cf-593.  According to the PSR, petitioner faced a mandatory minimum sentence of 15 years of imprisonment and a guideline sentencing range of 180 to 210 months as an armed career criminal.  At his sentencing hearing, petitioner did not object to the PSR.  The sentencing court imposed the mandatory minimum sentence of

---

[1] In order to determine petitioner's criminal and litigation history, the Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov).  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).  Court documents are, of course, public records of which the Court can take judicial notice.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[2] Under the ACCA, a "person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years. . . ." 18 U.S.C. § 924(e)(1).

15 years.   A written judgment was entered on December 23, 2005 (Doc. 23, criminal case).

Petitioner did not file a direct appeal from his conviction or sentence.[3] Instead, he filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on November 3, 2006.   *See Hooser v. United States*, Case No. 06-cv-2218 (C.D. Ill. 2006).   In the motion, petitioner argued that he should not have been sentenced as an armed career criminal because his mob action conviction was a juvenile adjudication.   He also argued that he was denied the effective assistance of counsel, based on his attorney's failure to object to the use of the juvenile adjudication to enhance his sentence.   On April 30, 2007, the court denied petitioner's § 2255 motion, after finding that he procedurally defaulted on the claim by failing to raise it on direct appeal and also finding that the mob action conviction was properly used in classifying him as an armed career criminal.   *Id.* (Doc. 4).

More than six years later, petitioner filed a "Rule 60(b)(6) Motion for Relief from Judgment," once again seeking a recalculation and reduction of his sentence (Doc. 6).   In the motion, petitioner raised new claims.   He argued that the court erred in sentencing him as an armed career criminal under § 924(e), the violation of § 924(e) was not charged on the indictment, and no information was filed by the U.S. Attorney per 21 U.S.C. § 851.   *Id.* (Doc. 6).   This time, petitioner maintained that his conviction for aggravated discharge of a firearm did not

---

[3] However, petitioner was not precluded from doing so; he did not plead guilty pursuant to a written plea agreement, let alone one that contained a provision waiving his right to bring a challenge to his conviction or sentence.

qualify as a predicate offense. The court construed petitioner's motion as a second request for relief under § 2255 and denied the motion on October 2, 2013, after determining that the court of appeals did not authorize it (Doc. 6).

In fact, the court of appeals had already denied petitioner's motion for authorization to file a second or successive motion for collateral attack twice before petitioner filed the "Rule 60(b)(6) Motion for Relief from Judgment." *See Hooser v. United States*, Case No. 13-1476 (7th Cir. 2013) (Docs. 2, 4). Petitioner's initial request was denied on March 4, 2013, and his motion for reconsideration was denied on April 15, 2013. *See id.* (Docs. 2, 4).

## II.   <u>Habeas Petition</u>

Petitioner once again seeks to vacate, recalculate, and reduce his sentence (Doc. 1-1, pp. 40-41). Along with the petition, he filed a 43-page memorandum setting forth four arguments in support of this request. First, petitioner claims that he was provided with ineffective assistance of counsel, in violation of *Strickland v. Washington*, 466 U.S. 668 (1984) (Doc. 1-1, pp. 9-15). Second, petitioner claims that counsel pushed for trial and failed to negotiate or present him with a reasonable plea option, in violation of *Missouri v. Frye*, 566 U.S. __, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012) (Doc. 1-1, pp. 16-24). Third, petitioner claims that none of his three prior convictions qualify as predicate offenses under the ACCA, in light of the Supreme Court's recent decisions in *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276 (2013)

(Doc. 1-1, pp. 25-36).   Finally, petitioner claims that defense counsel failed to challenge the evidence and witnesses at trial,[4] in violation of *Bullcoming v. New Mexico*, 564 U.S. __, 131 S.Ct. 2705 (2011) (Doc. 1-1, pp. 8, 37-39).   Petitioner brings this challenge under the "savings clause" of § 2255(e), which authorizes § 2241 motions where § 2255 is "inadequate or ineffective" to test the legality of petitioner's detention.   He specifically claims that he is "actually innocent" under the "new" Supreme Court cases set forth above.

### III.   <u>Discussion</u>

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.   Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement."   *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)).   *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him.   Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction."   *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).   However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under § 2255.   A prisoner may not file a "second or successive" motion

---

[4] Petitioner did not participate in a trial.   Therefore, the Court interprets petitioner's argument as arising from the lost opportunity to challenge evidence and testimony at trial (Doc. 1-1, p. 39).

unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).  Petitioner has attempted to bring multiple challenges to his sentence under § 2255, without success.  Twice, the court of appeals has denied his requests to bring successive motions.

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241.  *See* 28 U.S.C. § 2255(e).  Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  "'Inadequate or ineffective' means that a 'legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'"  *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Petitioner now contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention.  However, the fact that he may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport*, 147 F.3d at 609-10 (§ 2255 limitation on filing successive motions does not render it an

inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, in order to fit within the savings clause following *In re Davenport,* a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively.  Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).  Accordingly the precedents cited by petitioner must be reviewed.

All four of petitioner's arguments are premised on the ineffective assistance of his counsel.  The first argument is devoted entirely to this claim.  In support of it, petitioner cites *Strickland  v. Washington*, 466 U.S. 668, 687-88 (1984), as the primary source of authority.  This Supreme Court decision pre-dates petitioner's 2005 conviction and sentence by more than two decades.  Further, *Strickland* is a constitutional case, not a statutory interpretation case.   It does not trigger application of the savings clause.

Petitioner's second argument regarding his counsel's failure to present him with reasonable plea options is equally deficient.  Petitioner relies on *Missouri v.*

*Frye*, 566 U.S. __, 132 S.Ct. 1399 (2012), in support of this argument. *Frye* involved the failure to communicate a plea offer for a lower sentence than the defendant actually received when he later pleaded guilty. However, *Frye* is a constitutional case, not a statutory interpretation case. It did not announce a new rule of law. *See Frye*, 132 S. Ct. at 1409 ("This application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*."). *See also Hare v. U.S.*, 688 F.3d 878 ("Neither *Frye* nor its companion case, *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012), directly addressed the old/new rule question, but the Court's language repeatedly and clearly spoke of applying an established rule to the present facts."). Neither *Frye* nor *Lafler* allow petitioner to use the savings clause.

With regard to petitioner's third argument regarding each of his three prior convictions, *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276 (2013), are statutory interpretation cases. However, neither has been deemed retroactive by the Supreme Court. *See Simpson v. United States*, 721 F.3d 875, 876-77 (7th Cir. 2013); *Groves v. United States*, __ F.3d __, 2014 WL 2766171, *4 (7th Cir. June 19, 2014).

As for petitioner's final argument, *Bullcoming v. New Mexico*, __ U.S. __, 131 S.Ct. 2705 (2011), pertains to the Confrontation Clause of the Sixth Amendment and has not been declared retroactive.

Petitioner does not qualify to use the savings clause of § 2255(e) to bring

the instant § 2241 petition.  Petitioner has not made any other argument that § 2255 is unavailable or inadequate.  Accordingly, the petition shall be dismissed.

In addition, the Court notes that the United States of America was not properly named as a party in this action.  In a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined.  *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

## IV.   Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, the Section 2241 petition is **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724,

725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).   A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[5] appeal deadline.  It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 14th day of July, 2014.

Digitally signed
by David R.
Herndon
Date: 2014.07.14
12:02:15 -05'00'

**Chief Judge**
**United States District Court**

---

[5] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).